## ROHLFING *v.* MURPHY.

PATENTS; INTERFERENCE; CONSTRUCTION OF ISSUES; RIGHT TO MAKE CLAIMS.

1. The question of the right of a party to an interference to make the claims of the issue goes to the foundation of the interference. (Following *Podlesak* v. *McInnerney,* 26 App. D. C. 399; *United States ex rel. Newcomb Motor Co.* v. *Moore,* 30 App. D. C. 464, and *Gold* v. *Gold,* 34 App. D. C. 229.)

2. The issues of an interference should be construed in the light of the disclosure of the party with whom the claims originated.

3. In an interference in which the issues in effect call for a sheet metal car end reinforced by a substantially V-shaped reinforcing rib or

corrugation and a horizontally disposed rib or corrugation, it was *held* that a party whose application disclosed X-shaped corrugations in the car end, so that he could only show V-shaped corrugations by dissecting an X-shaped corrugation, was not entitled to make the claims of the issue,—especially where the specifications of the other party, whose claims originated the issue, show that the function of the V-shaped corrugations was to concentrate the stresses at any particular point on the margin of the plate, according to the location of the corrugation. (Mr. Chief Justice SHEPARD dissenting.)

No. 982. Patent Appeals. Submitted November 9, 1915. Decided December 6, 1915.

HEARING on an appeal from a decision of the Commissioner of Patents in an interference proceeding. *Reversed.*

The facts are stated in the opinion.

*Mr. L. S. Bacon, Mr. J. H. Milans, Mr. Frederick R. Cornwall,* and *Mr. Comfort S. Butler* for the appellant.

*Mr. Otto R. Barnett* and *Mr. Percival H. Truman* for the appellee.

Mr. Justice ROBB delivered the opinion of the Court:

Appeal from a decision of the Patent Office in an interference proceeding awarding priority of invention to the appellee, Walter P. Murphy.

The issue is expressed in the following counts:

"1. A car end composed of sheet metal and having formed therein a substantially V-shaped stiffening rib or corrugation.

"2. A car end composed of sheet metal and having formed therein a pair of substantially V-shaped stiffening ribs or corrugations.

"3. A car end constructed of sheet metal and having formed therein a substantially V-shaped reinforcing rib or corrugation, and a horizontally disposed rib or corrugation."

· Upon the declaration of the interference, John M. Rohlfing

moved that it be dissolved on the ground that Murphy has no right to make the claims of the issue. This motion was referred to the Primary Examiner, who sustained it. Upon appeal to the Examiners in Chief the decision of the Examiner was reversed. Judgment of priority on the record then was rendered in due course by the various tribunals in favor of Murphy, Rohlfing all the while insisting that his motion for dissolution should have been granted.

As the question of the right of Murphy to make the claims goes to the foundation of the interference, we will consider it here. *Podlesak* v. *McInnerney,* 26 App. D. C. 399; *United State ex rel. Newcomb Motor Co.* v. *Moore,* 30 App. D. C. 464; *Gold* v. *Gold,* 34 App. D. C. 229. The claims originated with Rohlfing, and therefore should be construed in the light of his disclosure. In his specification Rohlfing directs attention to the fact that the ends of freight cars are subjected to severe stresses and strains, and that he proposes to construct a car end from a single piece of material, such as sheet metal. He states that the novel features of his construction and arrangement of parts consist in vertically disposed stiffening ribs or corrugations, "which extend from the bottom of the plate to points near the top thereof." In short, reading his specifications in connection with his drawings, it is perfectly clear that in his construction these V-shaped ribs extend across the car end, and that they would not perform their purpose and function unless so made. In his decision dissolving the interference, the Primary Examiner said: "Each of the counts relates to a sheet metal car end having a V-shaped rib or corrugation therein. The V-shaped rib of the Rohlfing patent appears as an erect V with an enlargement at the bottom; however, it may be fairly termed V-shaped. The Murphy application shows X-shaped corrugations in the car end, and Murphy can only show the V-shaped corrugation by dissecting an X-shaped corrugation." This, the Examiner ruled, Murphy had no right to do. The Examiners in Chief ruled that "appellant should be sustained in his contention that in his X-shaped construction there are two V-shaped formations." The Assistant Commissioner in

his decision said: "The claims specify that the rib or corrugation is 'V-shaped,' but they do not specify the location of the rib, that is, whether the point of the 'V' is in the middle of the car end or at the top, bottom, or side thereof." He therefore held that Murphy could make the claims.

In construing these claims we should have in mind the purpose of the construction, as set forth in Rohlfing's specification. He there says that "by providing the corrugations in the plate, and reinforcing the same with the plates arranged over said corrugations, an exceptionally strong and rigid car end is provided which is effective in resisting externally applied crushing strains, such as may be received in collisions, or internally applied stresses resulting from shifting loads;" that by this construction "the impact and stresses produced by blows received by the end plate in service are transmitted directly to the strongest parts of the car body, *viz.,* the corners thereof." In other words, that the purpose and function of the V-shaped corrugations to which Rohlfing refers is to concentrate the stresses at any particular point on the margin of the plate, according to the location of the corrugation. With Rohlfing's specification in mind, the claims, in our view, cannot be given the interpretation placed upon them in the Patent Office. Indeed, by a car end having formed therein a V-shaped stiffening rib, or a pair of such ribs, a mechanic naturally would understand that such ribs extended across the end. Certainly, if told to construct such a V-shaped stiffening rib in a car end, he would not position the point of the "V" in the middle of the end. In other words, he would consider the whole, and not a half, of the end of the car. Giving these claims the interpretation which we think they should reasonably bear, we rule that Murphy's "X" is not equivalent to Rohlfing's "V," and therefore reverse the decision of the Patent Office. *Reversed.*

Mr. Chief Justice SHEPARD dissenting.

A petition for a rehearing was denied December 24, 1915, Mr. Chief Justice SHEPARD dissenting.